<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

JARRY PARIONA CONDORI,

          *Petitioner*,

        v.

TODD BLANCHE, *et al.*,

          *Respondents*.

Civil Action No. 26-cv-05362

**ORDER**

August 7, 2026

**THIS MATTER** having come before the Court upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Jarry Pariona Condori ("Petitioner") (ECF No. 1); and Respondents having filed an Answer in opposition (ECF No. 7); and Petitioner having filed a Reply and a Motion to Expedite (ECF Nos. 8, 9); and the Court having reviewed the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b); and

**WHEREAS**, Petitioner, a native and citizen of Peru who entered the United States without admission or parole after inspection in 2022, has remained in the custody of Immigration and Customs Enforcement ("ICE") since November 1, 2025, following his arrest at an immigration check-in appointment, and is presently detained at the Delaney Hall Detention Facility in Newark, New Jersey (ECF No. 1 ¶¶ 17, 23; ECF No. 7 at 1–2); and

**WHEREAS**, an Immigration Judge entered an order of removal on December 10, 2025, but Petitioner timely appealed that decision to the Board of Immigration Appeals ("BIA"), where the appeal remains pending; accordingly, Petitioner's removal order is not administratively final,

and he remains in pre-removal detention. *See* 8 U.S.C. § 1101(a)(47)(B); *Leslie v. Att'y Gen.*, 678 F.3d 265, 270–71 (3d Cir. 2012); and

**WHEREAS**, Petitioner had been detained for approximately six months when he commenced this action and has now remained in ICE custody for approximately nine months while his appeal remains pending before the BIA, with no indication that his detention will conclude in the foreseeable future (ECF No. 1 ¶ 1; ECF No. 9); and

**WHEREAS**, Petitioner contends that his continued detention is unlawful because he has been denied any meaningful opportunity to obtain release on bond, while Respondents maintain that Petitioner's prior bond request was voluntarily withdrawn before the Immigration Judge (ECF No. 7 at 2; ECF No. 8 at 1); and

**WHEREAS**, although the parties dispute the circumstances surrounding Petitioner's prior bond proceedings, the Court need not resolve that factual dispute because this matter may be decided on the threshold statutory question governing Petitioner's detention. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) (recognizing the principle that courts should avoid deciding constitutional questions where a case may be resolved on other grounds); and

**WHEREAS**, Respondents acknowledge that their position mirrors arguments previously rejected by numerous courts in this District addressing § 1225(b)(2) detention;[1] and

---

[1] *See, e.g., Marca Lemu v. Soto*, No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons,* No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas,* No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.*, No.

**WHEREAS**, the Court finds that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel,* 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the

---

25-3328 (3d Cir. Dec. 2, 2025). (*Id.* at 1 n. 1.)

Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at \*7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

**IT IS,** on this 7th day of August 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner **WITHIN 24 HOURS** of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court

4

may take further action as appropriate; and it is further

ORDERED that the Clerk of the Court shall **CLOSE** this case.

_Karen M. Williams_

**Hon. Karen M. Williams,**
**United States District Judge**

5